

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,968

### EX PARTE ALAN LESLIE BALDERAMOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-372-009247-1090421-A IN THE 372ND DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault and originally received deferred adjudication community supervision. His guilt was later adjudicated, and he was sentenced to ten years' imprisonment. Applicant attempted to appeal from the adjudication *pro se*, but the appeal was dismissed for want of jurisdiction. *Balderamos v. State*, No. 02-10-088-CR (Tex. App. – Fort Worth, April 29, 2010). The Court of Appeals dismissed the appeal because notice of appeal was untimely filed, but also noted in a footnote that Applicant had signed a waiver of appeal.

Applicant contends, *inter alia*, that he was denied his right to appeal because his timely-mailed notice of appeal was not received until the appellate deadline had passed, and because the written waiver of appeal contained in the trial court's record is incorrect. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has entered supplemental findings of fact and conclusions of law, finding that the written waiver of appeal was erroneously included in the trial court's records. The trial court finds that the trial court's certification of Applicant's right to appeal, indicating that he had a limited right to appeal after adjudication, was correct. The trial court also finds, however, that Applicant has not provided any proof that he timely mailed his notice of appeal, and recommends that relief be denied.

The State, in a supplemental response, notes that the Certificate of Service included with Applicant's *pro se* notice of appeal stated that copies of the notice of appeal were mailed to the Tarrant County District Clerk and the Tarrant County District Attorney on December 7, 2009. The State also notes that the Tarrant County District Attorney's Office received Applicants' notice of appeal on December 10, 2009, postmarked on December 9, 2009. The State correctly points out that these facts support the conclusion that Applicant timely mailed notice of appeal on December 9, 2009. The fact that the Tarrant County District Clerk did not receive the notice of appeal until March 2, 2010, does not appear to be Applicant's fault.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. C-372-009247-1090421-A from the 372nd District Court of Tarrant County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days

of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 6, 2013
Do not publish